GILBERT, Respondent, v. MATEJKA, Appellant.

(176 N. W. 30.)

(File No. 4595.   Opinion filed January 30, 1920.)

**Negligence—Stray Steer Trespassing in Garden, Injury By—Chased Steer, Whether Negligence—Question for Jury, Verdict Sustained.**

In a suit for damages for injury to plaintiff resulting from being run against by defendant's steer, which had broken from a herd being driven through town and while being pursued by defendant's servant on horseback, ran into plaintiff's garden, and while being driven therefrom ran against plaintiff as she was going from the house porch into her garden, held, that whether or not the collision was caused by negligently driving the steer from the premises, was a question for the jury, taking into consideration surrounding circumstances, their own personal knowledge of the nature of such cattle and how they should be driven in like circumstances; that court cannot say that as a matter of law there was no negligence; and verdict for plaintiff is sustained.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Elizabeth L. Gilbert against Frank E. Matejka, to recover damages for negligently driving defendant's trespassing steer against plaintiff's person while emerging from plaintiff's garden. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl*, for Appellant.

*C. A. Kelley*, and *James Byrnes*, for Respondent.

McCOY, P. J. Action to recover damages for alleged negligence in driving certain cattle through the city of Huron by defendant and his servants, whereby plaintiff was injured. Verdict and judgment for plaintiff, from which defendant appeals.

The vital question in this case is whether or not on the facts shown a verdict for plaintiff was warranted. It appears that at the time of the accident appellant was driving a herd of cattle through a street in a residence portion of the city where respondent resided. The respondent was going from the porch of her residence to a garden in the rear of the building when she was run against by a steer that was being chased by a man on horseback. It appears that the steer came through the garden on a rapid run. It also appears that some minutes before the accident this steer had broken from the herd on the opposite side of the street, and ran back in the opposite direction from that in which the herd was being driven; that a servant on horseback pursued the steer, which ran across the street and into and through respondent's garden, where the same was headed back and driven towards the herd. It is the contention of respondent that the manner in which this steer was pursued and chased by the man on horseback was negligent, and caused the collision with respondent. The jury heard the witnesses, and observed their demeanor, and were made conversant with the manner in which this herd of cattle and the steer in question were being driven. It was purely a question of fact for them to determine, taking into consideration all the surrounding circumstances, and their own personal knowledge of the nature of such cattle and how they should have been driven under like circumstances, and whether or not the respondent was injured

by reason of the negligence of those in charge of the driving of said cattle. We cannot say as a matter of law that there was no negligence. We are of the opinion that the jury was properly instructed, and that the issues were fairly presented to the jury.

Finding, no error in the record, the judgment and order appealed from are affirmed.